IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNDERWRITERS AT LLOYD'S, LONDON, a foreign insurer,<br><br>Plaintiff,<br><br>v.<br><br>BIG SKY INDUSTRIES, LTD, a Washington corporation; BELLMONT TERRACE, LLC, a Washington limited liability company; CANYON HOLDINGS, LLC, d/b/a CANYON HOLDINGS DELAWARE, LLC, a Delaware limited liability company; SEA BELL LLC, a Washington limited liability company; COPPER MOUNTAIN REAL ESTATE, INC., a Washington corporation; STEBNER REAL ESTATE, INC., a Washington corporation; DEREK STEBNER and 'JANE DOE' STEBNER, husband and wife, and the marital community composed thereof; STACY SIMMONS and 'JOHN DOE' SIMMONS, wife and husband, and the marital community composed thereof; CYPRESS PLACE CONDOMINIUM OWNERS' ASSOCIATION; a Washington corporation; JANET PETERS, MICHAEL HALL, BARBARA RUSCH, and DAVID HARRIS, individually and as class representatives,<br><br>Defendants. | No. 2:12-cv-01392<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Underwriters at Lloyd's, London, (hereinafter "Underwriters"), submits the following Complaint for Declaratory Relief.

COMPLAINT FOR DECLARATORY RELIEF - 1
\\Server\Shared\FILES\Big Sky Industries 12016\Pleadings\Complaint.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444  F: (206) 467-5544

## I.   PARTIES

1.1   Plaintiff Underwriters is a foreign insurer organized under the laws of the United Kingdom, with its principal place of business located in London, England. Underwriters is licensed to conduct business in the State of Washington.

1.2   Defendant Big Sky Industries, Ltd. (hereinafter "Big Sky") is a Washington corporation with its principal place of business in Bellingham, Washington.

1.3   Defendant Bellmont Terrace, LLC (hereinafter "Bellmont"), is a Washington limited liability company, with its principle place of business in Bellingham, Washington.

1.4   Defendant Canyon Holdings, LLC, d/b/a Canyon Holdings Delaware, LLC (hereinafter "Canyon"), is a Delaware limited liability company, with its principal place of business located in Delaware, and licensed to conduct business in the State of Washington.

1.5   Defendant Sea Bell LLC (hereinafter "Sea Bell") is a Washington limited liability company, with its principal place of business in Bellingham, Washington.

1.6   Upon information and belief, Defendant Copper Mountain Real Estate, Inc. (hereinafter "Copper Mountain"), is a Washington corporation, with its principal place of business in Bellingham, Washington.

1.7   Defendant Stebner Real Estate, Inc. (hereinafter "Stebner Real Estate"), is a Washington corporation, with its principal place of business in Bellingham, Washington.

1.8   Defendants Derek and "Jane Doe" Stebner (hereinafter "Stebner") are individuals residing in the State of Washington.

1.9   Defendants Stacy and "John Doe" Simmons (hereinafter "Simmons") are individuals residing in the State of Washington.

COMPLAINT FOR DECLARATORY RELIEF - 2
\\Server\Shared\FILES\Big Sky Industries 12016\Pleadings\Complaint.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444  F: (206) 467-5544

1.10     Defendant Cypress Place Condominium Owners' Association (the "Association") is a Washington non-profit corporation located in Bellingham, Washington.

1.11     Defendants Janet Peters, Michael Hall, Barbara Rusch, and David Harris (hereinafter collectively "Class Representatives") are individuals residing within the State of Washington.

## II.     JURISDICTION AND VENUE

2.1     Jurisdiction is properly before this Court pursuant to USC Title 28, §1332 *et. seq.* in that diversity exists among the parties and the amount in controversy exceeds $75,000.

2.2     For purposes of diversity, Underwriters is a resident of the United Kingdom. Defendant Canyon Holdings, LLC, is a resident of the State of Delaware. All other Defendants are residents of the State of Washington.

2.3     This action involves a dispute over the application of insurance coverage for insurance claims arising Whatcom County, Washington. As a result, venue is properly before this Court.

## III.     FACTS

**A.     Background**

3.1     Underwriters restates and reiterates each of the allegations contained in paragraphs 1.1 through 2.3 as though fully stated herein.

3.2     Underwriters issued successive commercial general liability policies of insurance to Big Sky, as set forth below:

| Policy No. | Policy Period |
|---|---|
| CJ0426042 | March 12, 2004 – March 12, 2005 |
| CJ0583024 | March 12, 2005 – March 12, 2006 |
| CJ0677022 | March 12, 2006 – March 12, 2007 |

COMPLAINT FOR DECLARATORY RELIEF - 3
\\Server\Shared\FILES\Big Sky Industries 12016\Pleadings\Complaint.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444  F: (206) 467-5544

3.3     On information and belief, Big Sky was the general contractor on the Cypress Place Condominium Project (the "Project") located in Bellingham, Washington.

3.4     The Project was a condominium conversion project in which an existing apartment complex was converted into condominiums pursuant to the Washington Condominium Act.

3.5     Certificates of Occupancy were issued by Whatcom County for the Project on or after May 23, 2007.

3.6     On September 7, 2010, the Association and the class representatives, Defendants Janet Peters, Michael Hall, Barbara Rusch, and David Harris, filed suit against numerous entities, including Big Sky, Bellmont, Canyon, Sea Bell, Copper Mountain, Stebner Real Estate, Stebner, and Simmons, among others, in the Superior Court of the State of Washington, Whatcom County Cause No. 10-2-02176-7 (the "*Cypress Place* lawsuit").

3.7     The *Cypress Place* complaint alleged that Big Sky was liable for construction defects in the common elements and units of the condominium complex.

3.8     The *Cypress Place* complaint further alleged that Big Sky was liable for negligent misrepresentations or omissions relating to the building envelopes and failure to fully disclose the conditions of the buildings in the Public Offering Statement.

3.9     The *Cypress Place* complaint further alleged that Big Sky was liable for damages caused by Big Sky's alleged violation of the Washington Consumer Protection Act.  RCW 19.86 *et. seq.*

3.10    The *Cypress Place* complaint further alleged that Big Sky was liable for fraud.

3.11    The *Cypress Place* complaint further alleged that Big Sky engaged in fraudulent transfers of assets resulting in a cause of action for disgorgement of funds and injunctive relief.

COMPLAINT FOR DECLARATORY RELIEF - 4
\\Server\Shared\FILES\Big Sky Industries 12016\Pleadings\Complaint.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444 F: (206) 467-5544

3.12    The *Cypress Place* complaint further alleged additional causes of action against Big Sky and other defendants, including but not limited to the following:

- Declaratory and Injunctive Relief
- Breach of the Implied Warranty of Quality Under the Washington Condominium Act.
- Breach of the Implied Warranty of Habitability
- Breach of Express Warranty and Contract
- Negligent Misrepresentations or Omissions
- Fraudulent Concealment
- Breach of Fiduciary Duty
- Breach of Contract Re Property Management
- Negligent Property Management
- Consumer Protection Act
- Disgorgement of Fraudulent Transfers

**B.    Tender to Underwriters**

3.13    Underwriters restates and reiterates each of the allegations contained in paragraphs 1.1 through 3.12 as though fully stated herein.

3.14    Following the filing of the *Cypress Place* lawsuit, on June 15, 2011, Big Sky tendered a claim for defense and indemnity to Underwriters.

3.15    Underwriters promptly acknowledged tender and initiated an investigation.

3.16    Underwriters' initial investigation revealed that the Certificates of Occupancy for the project were issued by Whatcom County after the date on which Underwriters' final policy expired.

3.17    Underwriters' review of its policies concluded that the claims arising from the *Cypress Place* lawsuit did not trigger the coverages in the Underwriters policies.  Also, the Multi-Unit Residential Construction Exclusion operated to bar coverage due to the fact that the project involved a condominium conversion.  In addition, the policies contain additional applicable exclusions that bar coverage for the subject claims.

COMPLAINT FOR DECLARATORY RELIEF - 5
\\Server\Shared\FILES\Big Sky Industries 12016\Pleadings\Complaint.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON  98102
P: (206) 467-5444  F: (206) 467-5544

1    3.18    By letter of June 30, 2011, Underwriters set forth its initial coverage position for the liability claims arising from the *Cypress Place* lawsuit.

3.19    Underwriters' June 30, 2011 letter invited Big Sky to contact American Claims Management (ACM), Underwriters' third-party administrator, as to any questions, comments, or to provide supplemental information regarding Underwriters' coverage position.

3.20    Big Sky did not respond in any way to Underwriters' correspondence until ACM received a letter from Big Sky's assigned defense counsel in the *Cypress Place* lawsuit dated February 15, 2012.

3.21    In the February 15, 2012 letter, Big Sky claimed that a portion of the buildings on the subject property were put to their intended use prior to the expiration of Underwriters' final policy.

3.22    Big Sky further claimed in its February 15, 2012 letter that the buildings at issue should be considered apartments for at least some period of time during Big Sky's work on the project, thereby exempting some unspecified portion of the damages sought in the *Cypress Place* lawsuit from the Multi-Unit Residential Construction Exclusion.

3.23    In response to Big Sky's February 15, 2012 letter, Underwriters agreed to reconsider its coverage position.

3.24    Without admitting that the allegations and characterizations contained within Big Sky's February 15, 2012 letter were in any way true and correct, Underwriters agreed to defend Big Sky under an express reservation of rights.

### IV.    THERE IS NO COVERAGE AVAILABLE UNDER THE UNDERWRITERS POLICIES

4.1    Underwriters restates and reiterates each of the allegations contained in paragraphs 1.1 through 3.24 as though fully stated herein.

COMPLAINT FOR DECLARATORY RELIEF - 6
\\Server\Shared\FILES\Big Sky Industries 12016\Pleadings\Complaint.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444  F: (206) 467-5544

1    4.2    There is no coverage available to Big Sky under any of the Underwriters Policies.

2    4.3    The Underwriters Policies provide coverage for "property damage" to the property of others only if such injury is caused by an "occurrence" to which the coverage applies. The "property damage" and "occurrence" must take place during the Underwriters' policy period in order to trigger coverage.

4.4    There exists an actual and justiciable dispute as to whether the allegations in the *Cypress Place* lawsuit trigger the coverages in the Underwriters policies due to the fact that there is no evidence of "property damage" during Underwriters' policy period, caused by an "occurrence" during Underwriters' policy period.

4.5    The Underwriters policies specifically exclude coverage for construction defects claims against Big Sky and/or its subcontractors.

4.6    There exists an actual and justiciable dispute as to whether the claims arising from the *Cypress Place* lawsuit are barred by the construction defect exclusions.

4.7    The Underwriters policies contain a Multi-Unit Residential Construction exclusion that specifically excludes coverage for any liability arising from any acts or omissions of the insured connected in any way to a condominium. The 2006-2007 policy extends the Multi-Unit Residential Construction exclusion to include liability for any acts or omissions arising in connection with a building that becomes a condominium.

4.8    There exists an actual and justiciable dispute as to whether the claims arising from the *Cypress Place* lawsuit are barred by the Multi-Unit Residential Construction exclusions.

4.9    The Underwriters policies contain additional exclusions and limitations that operate to bar or limit coverage for the liability insurance claims arising from the *Cypress Place* lawsuit, including but not limited to the Contractor's Professional Liability Exclusion, the

COMPLAINT FOR DECLARATORY RELIEF - 7
\\Server\Shared\FILES\Big Sky Industries 12016\Pleadings\Complaint.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444 F: (206) 467-5544

Continuing or Ongoing Losses Exclusion, and exclusions for EIFS, Microorganisms, Silica, and Subsidence.

4.10  There exists an actual and justiciable dispute as to whether the additional exclusions and limitations contained within the Underwriters' policies operate to bar or limit the coverage available to Big Sky in the *Cypress Place* lawsuit.

4.11  The Underwriters policies contain an "Other Insurance" provision that operates to make the Underwriters policies excess over other valid and collectible insurance.

4.12  There exists an actual and justiciable dispute as to whether Big Sky has other valid and collectible insurance that would render Underwriters' policies excess to that other valid and collectible insurance.

4.13  Underwriters has no duty to defend or indemnify Big Sky with regard to the claims arising from the *Cypress Place* lawsuit.

4.14  There exists an actual and justiciable dispute as to whether Underwriters is obligated to defend and/or indemnify Big Sky with regard to the claims arising from the *Cypress Place* lawsuit.

## V.   RESERVATIONS

5.1  Underwriters restates and reiterates each of the allegations contained in paragraphs 1.1 through 4.14 as though fully stated herein.

5.2  The Underwriters Policies contain multiple additional exclusions, limitations, conditions, and other provisions that may operate to bar or limit coverage available for the claims asserted in the *Cypress Place* lawsuit. By referencing certain provisions of the Underwriters Policies above, Underwriters is in no way waiving the right to rely on any other policy provisions.

COMPLAINT FOR DECLARATORY RELIEF - 8
\\Server\Shared\FILES\Big Sky Industries 12016\Pleadings\Complaint.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444  F: (206) 467-5544

5.3   The coverage issues discussed above are based on information currently available and known to Underwriters. Underwriters specifically reserves the right to amend this Complaint for Declaratory Relief to include any such additional coverage issues that may become evident during the discovery and litigation of this matter or through its ongoing investigations.

5.4   Underwriters reserves all of its rights and defenses. Nothing contained herein is a waiver of any such rights or defenses and no waiver should be inferred.

## VI.   REQUEST FOR DECLARATORY RELIEF

6.1   Underwriters restates and reiterates each of the allegations contained in paragraphs 1.1 through 5.4 as though fully stated herein.

6.2   An actual and justiciable controversy exists as to whether any coverage is available to Big Sky under the Underwriters Policies for the liability insurance claims arising from the *Cypress Place* lawsuit.

6.3   Underwriters asks that the Court grant declaratory relief entering a judicial determination that Underwriters has no obligation to provide a defense or any indemnity to Big Sky with respect to the *Cypress Place* lawsuit, or to reimburse Big Sky or any other person or entity for any costs or expenses with respect thereto.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Underwriters at Lloyd's, London prays for relief as follows:

7.1   For a declaration Underwriters is not obligated to defend Big Sky under the Underwriters Policies with respect to the *Cypress Place* lawsuit.

7.2   For a declaration that Underwriters is not obligated to indemnify Big Sky under the Underwriters Policies with respect to the *Cypress Place* lawsuit.

COMPLAINT FOR DECLARATORY RELIEF - 9
\\Server\Shared\FILES\Big Sky Industries 12016\Pleadings\Complaint.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON 98102
P: (206) 467-5444  F: (206) 467-5544

7.3   For a declaration that Underwriters is not obligated to reimburse Big Sky or any other person or entity under the Underwriters Policies for any costs or expenses with respect to the *Cypress Place* lawsuit.

7.4   For reimbursement of any and all costs and fees incurred by Big Sky to the extent allowed by Washington law.

7.5   For all interest allowed by law.

7.6   For attorney fees and costs allowed by statute and law.

7.7   For other and further relief as the Court deems just and equitable

DATED this 17th day of August, 2012.

LETHER & ASSOCIATES, PLLC

*/s/ Thomas Lether*

*/s/ Eric J. Neal*
Thomas Lether, WSBA #18089
Eric J. Neal, WSBA #31863
3316 Fuhrman Ave. E., Suite 250
Seattle, WA 98102
T.  206-467-5444
F.  206-467-5444
Tlether@letherlaw.com
eneal@letherlaw.com
Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY RELIEF - 10
\\Server\Shared\FILES\Big Sky Industries 12016\Pleadings\Complaint.docx

LETHER & ASSOCIATES PLLC.
3316 FUHRMAN AVE. E., STE 250
SEATTLE, WASHINGTON  98102
P: (206) 467-5444  F: (206) 467-5544